UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| AR RAZZAAQ RASHID BEY, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | CAUSE NO. 1:18-CV-180 WCL-SLC |
| vs. | ) |  |
|  | ) |  |
| ALAN WEIMER, *et al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## OPINION AND ORDER

Ar Razzaaq Rashid Bey, *pro se*, filed a complaint and an *in forma pauperis* petition. The IFP statute, 28 U.S.C. section 1915, allows an indigent plaintiff to commence a civil action without prepaying the administrative costs (e.g. filing fee) of the action. See 28 U.S.C. section 1915(a)(1); *see also Denton v. Hernandez*, 504 U.S. 25, 27 (1992). When presented with an IFP application, the district court makes two determinations: (1) whether the suit has sufficient merit; and (2) whether the plaintiff's poverty level justifies IFP status. See 28 U.S.C. section 1915(e)(2); *Denton*, 504 U.S. at 27; *Smith-Bey v. Hosp. Adm'r*, 841 F.2d 751, 757 (7th Cir. 1988). If a court finds that the suit lacks sufficient merit or that an inadequate showing of poverty exists, the court must deny the IFP petition. *See Smith-Bey*, 841 F.2d at 757.

Furthermore, a court must dismiss a case at any time if it determines that the suit is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). To determine whether the suit states a claim under 28 U.S.C. section 1915(e)(2)(B)(ii), a court applies the same standard as it would to a motion to

dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000). In deciding a motion to dismiss under Rule 12(b)(6), a court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013). To survive dismissal, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). However, "[a] document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).

The ten page, single-spaced document Rashid Bey filed here (ECF 1) is titled a "Legal Notice of Removal from Municipal Court to Federal Court Pursuant to Title § 28 1441- §1446 Proper Article III Jurisdiction." Despite its title, the document seeks monetary damages from the State of Indiana, Howard County, and two officers from the Kokomo Police Department. Accordingly, the document is more properly considered an amended complaint than a notice of removal.[1]

---

[1] Even if this document were construed as a notice of removal and Rashid Bey had followed the correct procedures for removing a case to federal court, summary remand would be required. Pursuant to 28 U.S.C. § 1443, a defendant facing criminal charges in state court can remove the action to federal court if, in pertinent part, it is an action "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). Rashid Bey has not specified any grounds that could properly support federal jurisdiction over his criminal misdemeanor case. "The Supreme Court has interpreted the statute to apply only if the right alleged arises under a federal law providing for civil

2

In this case, Rashid Bey satisfies the financial prong of the analysis, but the complaint does not just fall short of what is required to state a claim - it is frivolous. Rashid Bey alleges that, on December 3, 2017, he was arrested for violating State law and detained by two officers from the Kokomo Police Department. Rashid Bey describes himself as coming before the court "In Propria Persona, Sui Juris (not to be confused with Pro se)." ECF 1 at 1. He further describes himself as an "Aboriginal, Indigenous Moorish-American; possessing Free-hold by inheritance-status; standing squarely affirmed and bound to the Zodiac Constitution . . .." Id. at 2. In sum, Rashid Bey believes a multitude of rights have been violated in the course of his arrest and incarceration because: (1) he is not subject to the laws of the State of Indiana; (2) the Howard County Superior Court is an unconstitutional private corporation; and, (3) the Kokomo Police Department is "a private corporation, foreign to the United States Republic; and foreign to the organic INDIANA Republic." Id. He seeks dismissal of the State criminal charges, monetary damages, and other relief.

---

rights *based on race* and the petitioner must show that he cannot enforce the federal right due to some formal expression of state law." *State v. Haws*, 131 F.3d 1205, 1209 (7th Cir. 1997) (emphasis added) (citing *Georgia v. Rachel*, 384 U.S. 780 (1966) and *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 621 (1979)). Here, Rashid Bey alleges that he has been treated unfairly and had various rights violated during his prosecution. However, he does not allege that he has been denied any rights arising under a federal law providing for civil rights "based on race." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) ("First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" (quoting *Rachel*, 384 U.S. at 792)). Nor is there any reason to believe that Rashid Bey cannot enforce the various rights he references in the state courts. *Id.* at 220 ("[T]he vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.").

Rashid Bey's underlying claim that he is somehow beyond the jurisdiction of the laws of the State of Indiana, the Howard County Superior Court and the Kokomo Police Department because of his status as an Aboriginal Indigenous Moorish-American is patently frivolous. "Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented." *United States v. Benabe*, 654 F.3d 753, 767 (7th 2011); *see also United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir. 1993) (characterizing claims that defendant was a sovereign citizen as "shop worn" and "frivolous"); *Blake-Bey v. Cook County, Ill.*, 438 FED. APPX. 522, at *1 (7th Cir. Nov. 23, 2011) (affirming dismissal of suit by persons alleging to be sovereign citizens not subject to the laws of Illinois); *United States v. Toader,* 409 FED. APPX. 9, at *13 (7th Cir. Nov. 24, 2010) (rejecting argument that court lacked jurisdiction over defendant claiming to be "Native Asiatic Moorish National Citizen" since laws of the United States "apply to all persons within its borders").

Though it is usually necessary "to give pro se litigants one opportunity to amend after dismissing a complaint[,] that's unnecessary where, as here, it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Carpenter v. PNC Bank, Nat. Ass'n*, No. 633 Fed. Appx. 346, 348 (7th Cir. Feb. 3, 2016) (quotation marks omitted). *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013) and

*Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.").

For these reasons, the motion for leave to proceed *in forma pauperis* (ECF 2) is DENIED and this case is DISMISSED pursuant to 28 U.S.C. § 1915A because it is frivolous.

SO ORDERED on June 20, 2018.

                                          s/William C. Lee
                                          Judge William C. Lee
                                          United States District Court